COMMONWEALTH *vs.* GRACE LAWRENCE.

On the trial of a criminal case, the jury, some of whom had at the same term tried other similar cases, during the trial of which law books had been read to the jury by permission of the court, were instructed that they might bring to their aid in deciding on the evidence any knowledge they had acquired from any source equally open to them all, but not any particular knowledge as to the law or the facts communicated to a part of them only; and that they were to decide this case on the evidence introduced into it, and not on any evidence of the law or facts introduced into other cases in which some of them did not sit; and that the jury were bound to consider the instructions of the court on the law of the case as evidence of the law, and that they must decide the case according to the evidence. *Held,* that the defendant had no ground of exception.

COMPLAINT for selling intoxicating liquors in violation of *St* 1855, *c.* 215, § 15. Trial in the court of common pleas at October term 1855, before *Perkins*, J. Eleven of the jurors had tried other similar cases at the same term, in which books of authority, statutes, repealed and in force, and the Constitution of Massachusetts, had been read and commented on by the defendant's counsel and the district attorney without objection. But no evidence of the law was introduced in this case before the instructions of the court.

The defendant requested the court to instruct the jury " that they had a right to bring to their aid in the decision of this case all the knowledge of general and constitutional law which they might have obtained from whatever source ; that they might also bring to their aid, in making up their decision upon the law and the facts in this case, such knowledge as they may have obtained from books of authority in the law, which had been read to them by permission of the court in other previous cases like this ; " and " that they had the right to decide by a general verdict the law and the facts in the case ; that it was the duty of the court to aid and instruct the jury upon all matters of law arising during the trial ; that the jury are not bound in their verdict to decide the law in accordance with the opinion of the court, and that the instructions of the court as to the matters of law involved in the issue are not conclusive evidence of the law in the case."

The court declined to give these instructions in this language ; but did instruct the jury, " that they had the right to bring to their aid, in deciding upon the evidence in this case, all the knowledge they had acquired and all the information they had derived from any sources equally open to the observation of all ; but that any particular information or knowledge, which had been communicated to portions of the jury from sources not equally open to the use of all of the jury, either upon the law or the facts, they could not employ as evidence in this case either of the law or the facts, when they retired to consider their verdict ; that if a juror had any peculiar knowledge about the case, in order to bring it before the jury as evidence, he might

be sworn and testify, and thus in a legal manner bring his knowledge of matters to be used as evidence properly before his fellows upon the jury ; that the jury were to decide the case according to the evidence introduced into it, but not on evidence of the law or facts introduced into other cases, in the trial of which some of the jurors in this case did not sit."

The court also "ruled as requested by the defendant upon the rights and duties of the court and jury in reference to instructions by the court and the decision of the law and fact in a general verdict by the jury ; that the jury were to decide the case on their oath, according to their evidence ; they had received the testimony of the facts from the witnesses upon the stand ; and the court now instructed them that the section of the law on which the prosecution was founded was constitutional ; and that was the only evidence of the law introduced into the case, and the jury were bound to consider it as evidence upon the law, as they did the other evidence in the case upon the matters submitted to them to decide ; and they would try the case according to their evidence." The defendant, being convicted, alleged exceptions.

*W. S. Gardner,* for the defendant, cited *Commonwealth* v. *Porter,* 10 Met. 263 ; *Commonwealth* v. *Anthes,* 5 Gray, 185.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. The only question in this case is, whether the instructions given to the jury, concerning their rights and duty in deciding upon the law and the facts, were such as ought to have been given. We doubt whether those instructions were, in all respects, accurate. If they were not, it is, in our judgment, because they were more favorable to the defendant than they ought to have been, and therefore she has no legal cause for objecting to them. *Exceptions overruled.*